IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP S. AURECCHIONE<br>Plaintiff<br><br>vs.<br><br>SHERIFF LOUIS FALCO III OF THE ROCKLAND COUNTY SHERIFF'S DEPARTMENT (OFFICIAL CAPACITY; DISTRICT ATTORNEY TOM WALSH OF THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE (OFFICIAL CAPACITY); DEFENDANT OFFICERS JOHN DOE 1 – 4 OF THE ROCKLAND COUNTY SHERIFF'S DEPARTMENT (OFFICIAL AND INDIVIDUAL CAPACITY); ACTING COMMISSIONER ANTHONY J. ANNUCCI NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (OFFICIAL CAPACITY); PAROLE OFFICERS RYAN AND JOHNSON (OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY)<br>Defendants. | NO.<br><br>Complaint under 42 U.S.C. § 1983 *et. seq.*<br><br>*JURY TRIAL DEMANDED* |

## COMPLAINT

**AND NOW** comes Plaintiff Philip S. Aurecchione, by and through his undersigned counsel Robert C. Barchiesi, II, Esq. and Martin Souto Diaz Esq. who files the within Complaint pursuant to 42 U.S.C. § 1983 *et. seq.* and 28 U.S.C. § 1367 *et. seq.* upon the following facts and circumstances:

### NATURE AND CAUSE OF ACTION

1. This action arises from the unconstitutional detention, wrongful arrest, incarceration, and substantive due process violations suffered by Plaintiff from the actions taken by agents of the Rockland

County Sheriff's Office, the Rockland County District Attorney's Office and the New York State Department of Corrections and Community Supervision.

2. Such actions took place following the Plaintiff's release from Federal Custody on February 25, 2020, after having served a concurrent sentence on Federal and State convictions at the Metropolitan Detention Center in Brooklyn, New York.

3. Upon his release from Federal Custody, officials from DOCCS, the Rockland County Sheriff's Office, and the Rockland County District Attorney's Office conspired, and did, return the Plaintiff into the custody of the DOCCS after he was out on liberty for nearly (16) sixteen-months, claiming that the Petitioner was mistakenly released early from Federal Custody and still owed a balance of time on his NYS sentence, following his conviction on the federal and state cases.

4. Although, DOCCS never lodged a detainer with the Federal Bureau of Prisons, and by all appearances acquiesced the administration of the sentence to Federal authorities, they nevertheless pursued the Plaintiff's return to state custody following his release.

5. While out on liberty, the Plaintiff, who never left New York state upon his release from federal custody, began working and reestablishing himself, believing both his state and federal sentences had been satisfied.

6. The Plaintiff was at liberty for approximately sixteen (16) months until authorities pulled him over in his vehicle, pulled him out of his truck, threw him up against the vehicle, and forcefully arrested him without any provocation. Officers unlawfully arrested and seized him without a warrant, or any probable cause to believe that a new crime or offense had been committed.

7. In fact, several months prior, the Rockland County District Attorney attempted to obtain an arrest warrant from the original sentencing court, but that application was denied, and despite the denial of a warrant, the Rockland County District Attorney still pursued the Plaintiff's unlawful arrest through the

Rockland County Sheriff's Office and conspired with officials from DOCCS to return the Plaintiff to state custody through an unlawful showing of authority.

8. As previously described, on June 01, 2021, officers from the Rockland County Sheriff's Office arrested and seized the Plaintiff, from which he was taken directly to the Rockland County Jail and further committed upon no new order of commitment by the court.

9. After spending several months in the custody of the Rockland County Jail, the Plaintiff was then transported and transferred to the Downstate Correctional Facility in Dutchess County, New York.

10. From the time he was arrested throughout the duration of his incarceration, he was never brought before the court, never had a hearing, never advised as to the reason why his liberties were seized and never told what he could do to challenge his unlawful arrest and detention.

11. The Petitioner thereafter spent several months in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") following his unlawful arrest, until he was eventually paroled to the Peekskill Division of the DOCCS, where he continues to be under the supervision of DOCCS.

12. Since being released to community supervision, the Plaintiff has had to endure restrictions to his personal liberties—including not being able to drive, obtain gainful employment, to reside with his significant other, curfews, and worse, the constant threat of being violated and subject to the continual abuses of the onerous conditions of his Parole and this unlawful re-sentencing, which was unilaterally imposed by NYS DOCCS without any lawful authority.

13. Parole officers continue to subject the Petitioner to programs, conditions and requirements that have no bearing or relation to the underlying charges on which he was convicted in NYS, nor are they rationally based on any prior criminal history convictions or offenses. Moreover, such conditions of

supervision which now follow his release were never even contemplated in the sentences of the underlying convictions imposed by either court.

14. Even after raising the issues of complained of herein with defendant Parole Officers, they continued to be vindicative and further violated the Plaintiff's constitutional rights under the color of law.

15. After spending nearly three (3) months in state custody, and with the help of family, the Plaintiff was finally able to retain counsel to file a Petition for the Writ of Habeas Corpus and under Art. 78 of the CPLR to try and obtain his release from state custody.

16. Before the Court could rule on the Habeas Petition, DOCCS released him to Parole Supervision within weeks of its answer being due as to his confinement.

17. The court eventually ruled on the Art. 78 relief in the Plaintiff's favor, and on November 21, 2021, the Court awarded the Plaintiff time credit for the time he spent on liberty, to which the DOCCS has still blatantly refused to apply.

18. To date, the DOCCS has failed to credit the Plaintiff with the time he was awarded by that Court, and seeks to extend his sentence beyond that which was even contemplated by the original sentencing court on these convictions, subjecting the Plaintiff to being twice put in jeopardy and further punished for the same crimes and offenses to which his sentence had already been served.

19. Moreover, NYS, by and through the New York State Attorney General, even sought to overturn the decision of the Dutchess County Supreme Court, after the Plaintiff pushed the state for the credit he was owed by order of same, wherein in response to which the Attorney General requested the Court reconsider its opinion and dismiss the action filed by Petitioner in its entirety to undo her prior decision.

20. While the Court denied NYS's request, it has still failed to properly credit the Petitioner with the appropriate time credits for time he spent at liberty, and continues to use Parole as a way to further confine

and monitor him, despite having sufficient time credit to warrant his release and termination of supervision.

21. DOCCS repeated contempt of court and failure to terminate his supervision has caused the Plaintiff to bear yet the burden of another action, which was caused to be filed to address the continued deprivation of the Plaintiff's liberties, and is now pending before this Court, as a federal *Habeas* Action under the caption of Aurecchione v. James et. al. docket no. 1:22-cv-03323.

22. Plaintiff now files the within action to address the Constitutional violations and damages that resulted from his unlawful arrest and incarceration at the hands of all named defendants.

## PARTIES

23. The Plaintiff is Phillip S. Aurrecchione, an adult individual residing in Newburgh, New York 12550.

24. Defendant, Louis Falco III, is the Sheriff of the Rockland County Sheriff's Department and oversees the law enforcement and corrections operations of the department. As head of the department, at all-times material herein, he ordered Defendant Officers John Does 1-4 to unlawfully arrest and seize Plaintiff, as well as ordered the Plaintiff's detention in the Rockland County Jail without any lawful order of commitment by the Court. On information and belief Defendant Falco conspired with the Rockland County District Attorney to violate the constitutional rights of the Plaintiff, as further set forth herein.

25. Defendant Rockland County District Attorney is the elected District Attorney for the County. As Chief Law Enforcement Officer for the County, the District Attorney gives advice, makes policy decisions and implements policies for county law enforcement agencies, including the Rockland County Sheriff's Department. On information and belief the Rockland County District Attorney directed the law enforcement activities complained of herein, ordered the Rockland County Sheriff to arrest Plaintiff

despite knowing that he had no lawful authority to effect same and conspired with the other named Defendants to violate the Plaintiff's civil rights.

26. Defendant Officers John Does 1-4 are Deputies employed by the Rockland County Sheriff's Office who unlawfully arrested, assaulted, imprisoned, and violated the Constitutional rights of the Plaintiff at all times material herein.

27. Defendant Anthony J. Annucci is the Acting Commissioner of the New York State Department of Corrections and Community Supervision. As the acting Commissioner, Defendant oversees the operations of the DOCCS and is responsible for oversight and management of DOCCS staff (including parole), and its prisoners.

28. Defendant Parole Officer Ryan and her Supervising Officer Johnson are employed by the New York State Department of Corrections and Community Supervision and have been directly involved in violating the Plaintiff's constitutional rights, and unlawfully constraining his liberties.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1343 (a)(3) and/or pursuant to 28 U.S.C. § 1331 under general federal question jurisdiction.

30. This Court also has supplemental jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a), as the claims are so related and arise out of a common nucleus of operative facts.

31. Moreover, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims is in this district.

## JURISDICTION AND VENUE

32. Pursuant to R. 38(b) of the F.R.C.P., Plaintiff hereby demands a trial by jury on any of the triable issues presented herein.

## FACTUAL ALLEGATIONS

33. On information and belief, the Plaintiff was initially arrested on September 03, 2018, and confined to the Rockland County Jail on charges of Unlawful Possession of a Firearm in connection with the matter of the *People of the State of New York vs. Philip S. Aurecchione*, Case no. 18-388.

34. Contemporaneously therewith, the Plaintiff was also charged with violating the terms of his Federal Supervision in connection with his arrest on the NYS case, which proceeded under the matter of *United States of America v. Philip S. Aurecchione*, case no. 12-CR-0688-SJ.

35. At all times relevant and material thereto, the Plaintiff was never released from custody, but was subsequently transferred to Federal Custody on *Writ* from the Rockland County Jail to deal with the Federal violation of supervision, while his NYS matter remained pending.

36. On September 25, 2019, the Plaintiff was transferred to the Custody of the Federal Government and into the Metropolitan Detention Center in Brooklyn, New York.

37. On September 26, 2019, the Plaintiff was sentenced on the violation of federal supervision and sentenced to a concurrent term of eighteen (18) months with no supervision to follow.

38. On February 07, 2020, the Plaintiff was sentenced on his guilty plea to Criminal Possession of a Weapon in the NYS case and was sentenced to an indeterminate sentence of 2 – 4 years of incarceration concurrent with the Federal Sentence, again no supervision was contemplated by that order.

39. Pursuant to the sentencing agreements between Federal and State authorities, the Petitioner's sentence was to be administered by the United States Bureau of Prisons.

40. On February 25, 2020, he was released from Federal custody, after the Bureau of Prisons calculated his time credits from his initial arrest in 2018 to the time, he was released from Federal custody giving the petitioner time credits for all periods during which he was in-custody on both the state and federal cases, along with good time credits and merit eligibility release dates.

41. Upon his release, the Petitioner reestablished his life, obtained gainful employment, housing, and remained free of any crimes or incidents for more than sixteen (16) months.

42. Five (5) months after the Plaintiff's release from Federal custody, the Rockland County District Attorney's Office requested a bench warrant for the Petitioner's arrest and return to Prison, informing the court that the Plaintiff still owed a balance of time on his NYS case and was erroneously released early from Federal prison.

43. However, after a hearing, the court denied the District Attorney's request for a warrant to arrest Plaintiff.

44. For the next eleven (11) months, the Plaintiff remained free, never fleeing the jurisdiction of New York, where he lived, worked and began reestablishing his life.

45. On June 01, 2021, the Rockland County Sheriff's Office and Defendant officers arrested the Plaintiff without a warrant or probable cause on the basis that he still owed time on his prior NYS conviction.

46. Prior to the Plaintiff's arrest on that day, Officers placed the Plaintiff under surveillance, followed his vehicle in unmarked units and then suddenly cut off his vehicle, where they then jumped out on Plaintiff with guns drawn, pulled him out of his vehicle, threw him up against his truck and then placed him in restraints.

47. When Plaintiff asked them if they had a warrant for his arrest, the officers replied that they did not need a warrant and that they would be returning him to prison to serve out the balance of his sentence.

48. Thereafter, Defendant Officers transported him directly to the Rockland County Jail, where he was lodged without any lawful order of commitment.

49. He would spend the next several weeks in the custody of the Rockland County Jail, where for the first two weeks, he would spend his time in solitary confinement, where he was isolated from general the population due to Covid-19 restrictions.

50. He was thereafter transported to the Downstate Correctional Facility, where he was yet again lodged without any new orders of commitment and was again subject to initial periods of solitary confinement and isolation.

51. From the time he was arrested and throughout the duration of his unlawful incarceration, he was never brought before the court, never had a hearing, never advised as to the reason why his liberties were seized and never told what he could do to challenge his unlawful arrest and detention.

52. The Petitioner thereafter spent the next several months in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") following his unlawful arrest, until he was eventually paroled to the Peekskill Division of the DOCCS, where he continues to be under their direct supervision.

53. Since that time, the Petitioner has fought to free himself of this wrongful incarceration and illegal sentence unilaterally imposed by New York State.

54. As a result of same, the Petitioner has been twice put in jeopardy, and is being retaliated against by the State at the highest levels of office for challenging these wrongful acts.

55. On August 25, 2021, nearly three (3) months later, the Plaintiff finally was able to retain counsel with the help of family on the outside, who eventually filed a *Habeas* Petition for his immediate release from custody and under CPLR Art. 78 for the computation of time credit due while out on liberty under the mistaken belief he was free.

56. In a calculated move, and in response to Plaintiff's *Habeas* action, the DOCCS released the Plaintiff to Supervision on September 09, 2021, where he continues to remain under the supervision of DOCCS and subject to the abuses by Parole Officers Ryan and Johnson.

57. Thereafter, the New York Attorney General, by and through Assistant Attorney General Elizabeth Gavin sought dismissal of the Petitioners *Habeas* action in light of the Petitioner's "release from custody."

58. On November 10, 2021, the Court denied the Plaintiff's *Habeas* Relief, but ruled in his favor on his request for the time credit he sought in connection with the time he spent at liberty crediting him with approximately (15) months' time credit to be reapplied to his "remaining balance" owed to NYS.

59. Thereafter, Plaintiff notified DOCCS and Parole Officers Ryan and Johnson about the awarded time credit and provided same with a copy of the court's order.

60. DOCCS and Parole Officers Ryan and Johnson refused to assist Plaintiff in getting the time credit he was due, instead they continued to mistreat him and harass him while on Parole.

61. Worse, and in response to Plaintiff's repeated demands to be credited with the time he was due, the New York Attorney General thereafter sought to overturn the court's decision on the award of time credit to Plaintiff.

62. On January 06, 2022, the New York Attorney General filed a motion to reargue, wherein she sought to overturn the judgement of the Court.

63. In connection with DOCCS application, it submitted a false statement in a sworn affidavit, in which it purported to the court that the Plaintiff's time credit had been recalculated and applied to his sentence.

64. On March 23, 2022, the Dutchess County Supreme Court returned its decision, and denied the Attorney General's requested relief, and found that the DOCCS had still not complied with its order in crediting the Petitioner with the credit he was due by order of the Court.

65. Thereafter, Plaintiff then filed a Federal *Habeas* Petition seeking to challenge his continued detention under the custody of the DOCCS, and their continued deprivation of his civil liberties. That matter is presently before this Court and docketed under *Aurecchione v. James et. al.*, docket no. 1:22-cv-3323.

## FIRST CAUSE OF ACTION 42 U.S.C. § 1983 *et. seq.*

*(AGAINST DEFENDANT SHERIFF LOUIS FALCO III (OFFICIAL CAPACITY); DEFENDANT DISTRICT ATTORNEY (OFFICIAL CAPACITY); AND OFFICERS JOHN DOES 1-4 (OFFICIAL AND INDIVIDUAL CAPACITY).*

### Violation of Plaintiff's Civil Liberties under the 4th and 14th amendments to the U.S. Const.

66. The Plaintiff realleges and incorporates by reference herein paragraphs 1-64, as if more fully set forth below.

67. The 4th Amendment to the United States Constitution, as incorporated by the 14th Amendment to the Constitution protects the Petitioner from unreasonable search and seizure by government officials, except upon warrant, based upon probable cause, and having been reviewed by an impartial magistrate, upon oath or affirmation of a government official who sets out sufficient probable cause for the basis therefor.

68. In the instant matter, the Plaintiff was unlawfully arrested by the Rockland County Sheriff's Deputies John Does 1-4, without a warrant nor probable cause to believe that a new crime or offense had been committed by the Plaintiff.

69. Defendant Officers while acting under color of law, knowingly and intentionally violated the Plaintiff's 4th amendment rights, as guaranteed by the 14th amendment to the U.S. Constitution, when on

June 01, 2021, they unlawfully arrested and seized the Plaintiff without any authority by either a warrant of arrest, or upon probable cause.

70. On, July 30, 2020, the Rockland County District Attorney moved before the Rockland County Supreme Court for a warrant for the Petitioner's arrest, but it was denied, after a hearing by the court.

71. Thereafter, when the officers arrested the Plaintiff on June 01, 2021, they acted with knowledge that they had no lawful basis or authority to arrest the Plaintiff.

**WHEREFORE,** Plaintiff seeks statutory, compensatory and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

## SECOND CAUSE OF ACTION UNDER 42 U.S.C. § 1983 *et. seq.*
*(AGAINST DEFENDANT SHERIFF LOUIS FALCO III (OFFICIAL CAPACITY); DEFENDANT DISTRICT ATTORNEY (OFFICIAL CAPACITY); AND OFFICERS JOHN DOES 1-4 (OFFICIAL AND INDIVIDUAL CAPACITY).*

### Violation of Plaintiff's Civil Liberties under the 5th, 6th, and 14th amendments to the U.S. Const.

72. The Plaintiff realleges and incorporates by reference herein paragraphs 1-70, as if more fully set forth below.

73. On or about and between June 01, 2021, and September 09, 2021, the Plaintiff was incarcerated as a result of all Defendants, whereunder, he was never brought before the Court following his arrest, never advised as to his rights to challenge the State action, and was denied the appointment of counsel to assist him in defense of the challenged conduct by all Defendants.

74. The 5th, 6th and 14th amendments to the United States Constitution guarantees a person's liberties and freedoms, including substantive and procedural due process rights that safeguard same.

75. Here, the Plaintiff was deprived of the right to be brought before the court upon his arrest by the named Defendants.

76. Plaintiff was denied the right to be advised by the court as to the reasons for his arrest, or what remedies might be otherwise be available to him to challenge his further detention and periods of custody.

77. Furthermore, at all critical stages between his arrest and incarceration he was deprived of the assistance of counsel to aid him in bringing a challenge to the conduct alleged herein.

78. The Defendants knowingly and intentionally failed to bring the Plaintiff before the Court to deprive him of his most fundamental rights to challenge his arrest and detention.

79. On information and belief, Defendant Sheriff, his officers, and the District Attorney conspired to deprive the Plaintiff of his fundamentals rights and liberties while acting under color of law.

80. By failing to provide him with access to the courts or counsel, the Plaintiff could not challenge the bad faith conduct of the Defendants and was forced into serving an unlawful sentence at the vengeful hands of all Defendants complained of herein.

**WHEREFORE,** Plaintiff seeks statutory, compensatory and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

### THIRD CAUSE FOR ACTION UNDER 42 U.S.C. § 1983 *et. seq.*

*(AGAINST DEFENDANTS DOCCS, ACTING COMMISSIONER ANTHONY J. ANNUCCI, AND PAROLE OFFICERS RYAN AND JOHNSON ((OFFICIAL AND INDIVIDUAL CAPACITY))*

**Violation of Plaintiff's Civil Liberties
under the 4th, 5th, 8th, and 14th amendments to the U.S. Const.**

81. The Plaintiff realleges and incorporates by reference herein paragraphs 1-79, as if more fully set forth below.

82. On August 25, 2021, DOCCS was made aware of the unlawful imprisonment of the Plaintiff, upon notice and service of the Plaintiff's State *Habeas* action.

83. On September 09, 2021, in an effort to circumvent the Plaintiff's *Habeas* and *Art. 78* action before decision, DOCCS released the Plaintiff to Parole.

84. Upon being released to parole supervision and into the custody of Defendant Parole Officers Ryan and Johnson, Plaintiff was subjected to rules and conditions that had no rational relationship to the charges upon which he was convicted.

85. On information and belief. although Plaintiff having never been convicted of a DUI related offense, Defendant Parole Officers refused to permit the Plaintiff to drive, even though he had a valid license.

86. On information and belief, despite Plaintiff having never been convicted of a domestic violence related offense, Defendant Parole Officers told him that the person with whom he was romantically linked could no longer co-habitat and reside in the apartment they shared.

87. On information and belief, Defendant Parole Officers further infringed on Plaintiff's right to work or attend training for a commercial driver's license, even though prior to his placement on Parole, Defendant Officers were fully aware that he had been at liberty without any such restrictions in the past and after his release from federal custody.

88. On information and belief, Defendant Parole Officers further required conditions that had no rational relation to the charges on which he was convicted, subjecting the Plaintiff to attend drug and alcohol treatment and counseling despite Plaintiff not ever having been accused or convicted of drug or substance abuse related offenses.

89. On November 10, 2021, the Dutchess County Supreme Court rendered its decision and opinion on the Plaintiff's state *Habeas* action.

90. Therein, the court awarded the Plaintiff with time credits for each day he spent while at liberty, and after being released early by Federal authorities.

91. Upon receiving this decision from the court, Plaintiff thereafter served Parole Officers Ryan and Johnson with a copy of the judgement of the court and requested them to recalculate his time credits and apply the appropriate credits to the balance of his remaining sentence on Parole.

92. Defendant Parole Officers refused to assist Plaintiff in his request and continued with business as usual, never adjusting or working with others within DOCCS to correct the remaining balance of his sentence.

93. On April, 2022, Defendant Parole Officers were served with a copy of the federal *Habeas* action, in which they were named as responding parties.

94. A few short weeks later, in the early morning hours of May, 2022, Parole Officers showed up to the house of the Plaintiff, summoned him to come outside and began harassing him, seemingly in retaliation for filing the action against them for *Habeas* relief.

95. During the encounter, Defendant Parole Officer Ryan smiled in the face of the Plaintiff's, smirking and grinning, appearing to take great pleasure in being able to harass and further victimize the Plaintiff.

96. Further, in March 2022, the "Less is More Act" went into effect, which included sweeping reforms to parole supervision in New York State.

97. Upon its effect, Plaintiff was supposed to receive additional times credits, and retroactive credits to provide a pathway to finishing parole early, however, to date, he has still not received same.

98. Upon the laws effect, Plaintiff requested of Parole for the time credit he was due by both court order and under the new law.

99. Defendant Parole Officers and DOCCS have refused to credit Plaintiff with the time credit he is owed and due, albeit, the Plaintiff should never have been placed on Parole in the first place, as it is his contention that his time had already been served.

100. Moreover, the effect of Defendant Parole Officers failure to comply with the law is prolonging the Plaintiff's sentence and period of his supervised release.

101. In addition, Plaintiff's current parole end date is set for January, 2023, which exceeds the maximum sentence that was imposed by NYS in the underlying conviction which gives rise to this action. By that point in time, Plaintiff, considering the credits he received by the court for time spent at liberty, would extend his sentence beyond the 2 – 4 year sentence imposed in the NYS case, by nearly six months or greater.

102. By committing Plaintiff to a sentence longer than that which was imposed by the original sentencing court, the Defendants are committing double jeopardy and punishing the defendant for crimes for which his sentence had already been served.

103. This is especially true, considering that Plaintiff already served concurrent sentences on the underlying convictions and was released from custody once already.

104. The continued deprivation of Plaintiff's civil liberties has put him twice in jeopardy and infringed on his constitutional rights to liberty.

105. Plaintiff has suffered, and continues to suffer, irreparable injuries, as a result of Defendant's actions.

**WHEREFORE**, Petitioner requests that the Court grant the following relief:

i. Issue a temporary restraining order and preliminary and permanent injunctive relief order Defendants to immediately release Plaintiff from the Custody and Supervision of the New York State Department of Corrections and Community Supervision;

ii. Declare the Federal and NYS sentences as having been already satisfied and served;

iii. Award Plaintiff his costs and reasonable attorney's fees in this action, including costs and fees recoverable under 28 U.S.C. § 2412, the Equal Access to Justice Act, and other applicable law; and

iv. Award Plaintiff statutory, compensatory and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

v. Grant any other and further relief that this Court deems fit and proper.

## FOURTH CAUSE OF ACTION UNDER N.Y.S. LAW (FALSE ARREST/IMPRISONMENT)
*(AGAINST DEFENDANT SHERIFF LOUIS FALCO III ((OFFICIAL CAPACITY)); DEFENDANT DISTRICT ATTORNEY ((OFFICIAL CAPACITY)); AND OFFICERS JOHN DOES 1-4 ((OFFICIAL AND INDIVIDUAL CAPACITY)).*

106. The Plaintiff realleges and incorporates by reference herein paragraphs 1-104, as if more fully set forth below.

107. On June 01, 2021, Officers of the Rockland County Sheriff's Department, under the authority and command of the Rockland County Sheriff, and the Rockland County District Attorney, knowingly, intentionally and willfully falsely arrested the Plaintiff without a warrant or probable cause.

108. On June 01, 2021, the Rockland County Sheriff's Office and Defendant officers arrested the Plaintiff without a warrant or probable cause on the basis that he still owed time on his prior NYS conviction.

109. Prior to the Plaintiff's arrest on that day, Officers placed the Plaintiff under surveillance, followed his vehicle in unmarked units and then suddenly cut off his vehicle, where they then jumped out on Plaintiff with guns drawn, pulled him out of his vehicle, threw him up against his truck and then placed him in restraints.

110. When Plaintiff asked them if they had a warrant for his arrest, the officers replied that they did not need a warrant and that they would be returning him to prison to serve out the balance of his sentence.

111. Thereafter, Defendant Officers transported him directly to the Rockland County Jail, where he was lodged without any lawful order of commitment.

**WHEREFORE,** Plaintiff seeks statutory, actual and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

### FIFTH CAUSE OF ACTION UNDER N.Y.S. LAW (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

*(AGAINST DEFENDANT SHERIFF LOUIS FALCO III ((OFFICIAL CAPACITY)); DEFENDANT DISTRICT ATTORNEY ((OFFICIAL CAPACITY)); AND OFFICERS JOHN DOES 1-4 ((OFFICIAL AND INDIVIDUAL CAPACITY)).*

112. The Plaintiff realleges and incorporates by reference herein paragraphs 1-110, as if more fully set forth below.

113. After being falsely arrested and imprisoned at the hands of all Defendants, Plaintiff has suffered severe mental anguish, which has adversely affected Plaintiff's mental condition, sleep, appetite, mood and cognitive functioning.

114. Defendants' actions have caused Plaintiff to suffer irreparable injuries.

115. As a proximate and direct cause of Defendants' actions, Plaintiff lives with fear each and every day that his liberty can be seized at any moment at the hands of these Defendant's.

116. It has continued to affect the way Plaintiff socializes, his relationships with others, and has left him with a persistent and uneasy feeling that this could happen again if not adequately addressed.

**WHEREFORE,** Plaintiff seeks statutory, compensatory and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

## SIXTH CAUSE OF ACTION UNDER N.Y.S. LAW (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

*(AGAINST DEFENDANT SHERIFF LOUIS FALCO III ((OFFICIAL CAPACITY)); DEFENDANT DISTRICT ATTORNEY ((OFFICIAL CAPACITY)); AND OFFICERS JOHN DOES 1-4 ((OFFICIAL AND INDIVIDUAL CAPACITY)).*

117. The Plaintiff realleges and incorporates by reference herein paragraphs 1-115, as if more fully set forth below.

118. The named Defendants owed the Plaintiff a duty of care to act reasonably under the circumstances, that is a reasonably prudent officer would have under same or similar circumstances, to act within the boundaries of their training, experience and authority.

119. Here, by knowingly arresting the Plaintiff without a warrant, or without reasonable cause to believe that a crime or offense had been committed, the Defendants did not act as a reasonably prudent officer would have and thus breached the duty of care they had owed to Plaintiff to have only arrested him if they had a warrant or probable cause to do so.

120. As a proximate and direct cause of Defendants' actions, Plaintiff now lives with fear each and every day that his liberty can be seized at moment's notice at the hands of these Defendants.

121. By acting negligently under the circumstances and with a disregard for Plaintiff's rights and liberties, the Defendants caused the Plaintiff to suffer severe emotional anguish.

**WHEREFORE,** Plaintiff seeks statutory, compensatory and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

## SEVENTH CAUSE OF ACTION UNDER N.Y.S. LAW (ASSAULT AND BATTERY)

### OFFICERS JOHN DOES 1-4 ((OFFICIAL AND INDIVIDUAL CAPACITY))

122. The Plaintiff realleges and incorporates by reference herein paragraphs 1-120, as if more fully set forth below.

123. On June 01, 2021, Defendant Officers pulled over Plaintiff in his vehicle, pulled him out of his truck, threw him up against the vehicle, and forcefully arrested him without any provocation. Officers unlawfully arrested and seized him without a warrant, or any probable cause to believe that a new crime or offense had been committed.

124. The Defendants intentionally and knowingly manhandled the Plaintiff, without any lawful justification, thus causing the unwanted touching of his person by force, causing him to suffer harm.

**WHEREFORE,** Plaintiff seeks statutory, compensatory and punitive damages in the amount of $5,000,000.00 to include the award of reasonable attorneys fees and costs pursuant to law.

Dated: June 01, 2022     Respectfully Submitted,

By: _____
Robert C. Barchiesi, II, Esq.
PA BAR ID No. 328056
306 South New Street
Bethlehem, PA 18015
*Counsel for Plaintiff*
* Pro hac vice application forthcoming

By: _____
Martin Souto Diaz Esq
PA BAR ID No. 326462
46 N. 6th Street
Stroudsburg, PA 18360
*Counsel for Plaintiff*
* Pro hac vice application forthcoming