**MEMORANDUM ENDORSEMENT**

Aurecchione v. Falco et al,
7:22-cv-4538 (NSR)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___08/30/2022___
```

       The Court is in receipt of the attached moving papers from Plaintiff, filed August 27, 2022, seeking: (i) under FRCP 37 (a)(1), to compel Defendant Rockland County Sheriff Louis Falco III to disclose the identities of John Doe defendants 1-4; (ii) alternatively, under FRCP 26(d)(1), for an order allowing limited discovery about the identities of the John Doe defendants; (iii) alternatively, under FRCP 27, to perpetuate the testimony of people who have information related to the identity of the John Doe defendants; and (iv) under FRCP 4(m), to extend Plaintiff's time by 30 days to serve the John Doe defendants once they are identified. The Court is also in receipt of the attached letter from Defendant Rockland County Sheriff Louis Falco III and District Attorney Tom Walsh (collectively, the "County Defendants"), seeking a pre-motion conference and leave to file a motion to dismiss Plaintiff's First Amended Complaint.

       With respect to Plaintiff's moving papers, the Court DENIES Plaintiff's instant motion without prejudice with leave to refile for failure to follow this Court's Individual Rules of Practice in Civil Cases.[1] *See* Sec. 3.A. Specifically, Plaintiff failed "to request an informal conference with the Court before filing any such motion." *Id.* Further, a review of Plaintiff's moving papers indicates that Plaintiff also failed to comply with the "meet and confer" rule required by Local Rule 37.2 and FRCP 37(a)(1).

       Notably, Plaintiff's exhibits shows that on August 5, 2022, his counsel communicated with Mr. Robert Weissman (who Plaintiff's counsel believed at the time to have been already assigned as lead counsel for Sheriff Falco) and that Mr. Weissman responded to Plaintiff's counsel at 7:58 a.m. on August 10, 2022—the same day on which Sheriff Falco was served with the summons and complaint at 1:03 p.m. (*See* ECF Nos. 25-1 & 25-2; *see also* ECF No. 17.) In his response, Mr. Weissman responded to Plaintiff's counsel that as of that day (August 10th), he lacked the authority to provide him with any documents from Rockland County until he was officially assigned as lead counsel to the instant case, but that once he was assigned, then he could address counsel's request for documents to identify the John Doe defendants at that time. (ECF No. 25-1.) In short, Plaintiff's exhibits show that his counsel's communications were premature for purposes of the "meet and confer" rule as required by Local Rule 37.2 and FRCP 37(a)(1).

       And with respect to the County Defendants' request, the Court DIRECTS Plaintiff file a response with his own position on or before September 6, 2022.

       The Clerk of the Court is directed to terminate the motion at ECF No. 24.

Dated: August 30, 2022
     White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[1] Available at: https://www.nysd.uscourts.gov/hon-nelson-s-roman.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **PHILIP S. AURECCHIONE** | : |
| Petitioner | : |
|  | : |
| **vs.** | : NO. 7:22-cv-04538-NSR |
|  | : |
| **NEW YORK ATTORNEY GENERAL** | : |
| **LETITIA JAMES (OFFICIAL CAPACITY);** | : **MOTION TO EXTEND TIME FOR** |
| **ACTING COMMISSIONER ANTHONY J.** | : **SERVICE OF COMPLAINT AND** |
| **ANNUCCI NEW YORK STATE** | : **COMPEL ROCKLAND COUNTY** |
| **DEPARTMENT OF CORRECTIONS AND** | **SHERIFF TO IDENTIFY** |
| **COMMUNITY SUPERVISION (OFFICIAL** | **DEFENDANT OFFICERS JOHN** |
| **CAPACITY); SHERIFF LOUIS FALCO III** | **DOES 1- 4 BEFORE R. 26(f) CONF.** |
| **OF THE ROCKLAND COUNTY** | : |
| **SHERIFF'S DEPARTMENT (OFFICIAL** | : |
| **CAPACITY; DISTRICT ATTORNEY OF** | : |
| **THE ROCKLAND COUNTY DISTRICT** | : |
| **ATTORNEY'S OFFICE; OFFICERS JOHN** | : |
| **DOE 1 – 4 OF THE ROCKLAND COUNTY** | : |
| **SHERIFF'S DEPARTMENT (OFFICIAL** | : |
| **AND INDIVIDUAL CAPACITY);** | : |
| **; PAROLE OFFICERS RYAN AND** | : |
| **JOHNSON (OFFICIAL CAPACITY AND** | : |
| **INDIVIDUAL CAPACITY)** | : |
| Respondents. | : |

## MOTION TO EXTEND TIME FOR SERVICE AND EXPEDITED DISCOVERY

PLEASE TAKE NOTICE that, upon the affirmation of counsel, the exhibits annexed thereto, and annexed memorandum of law submitted herewith, Plaintiff will move this Court at the United States Courthouse, on a date and time to be set forth by this Court, for an order

1) Pursuant to Fed. R. Civ. P. 37(a)(1) to compel Defendant Rockland County Sheriff to disclose the identities of the Rockland County Sheriff's Officer(s) John Does 1 – 4, as it pertains to the June 01, 2021 arrest of the Plaintiff, as premised upon *Valentin v Dinkins*, 121 F3d 72 [2d Cir 1997].

2) Pursuant to Fed R. Civ. P. 26(d)(1), for an order in the alternative permitting Plaintiff's leave to discover limited information about the identities and names of the Rockland County Sheriff's Officers named as Defendant's John Doe(s) 1-4, by way of a Fed. R. Civ. P. 34 request or R. 45 Subpoena.

3) Grant leave in the alternative pursuant to Fed R. Civ. P. 27 *et. seq.* to perpetuate the testimony of person(s) who have information related to the identity of the John Doe Officers for the limited purpose of revealing their identities to aid in service of the complaint against them.

4) Pursuant to Fed. R. Civ. P. 4(m) extend the time of service by an additional thirty (30) days following disclosure of the identities of the named Defendant Officers John Does 1-4 to allow Plaintiff the opportunity to serve the John Doe Defendants.

Respectfully Submitted,


By:/s/ Robert C. Barchiesi
Robert C. Barchiesi, II, Esq.
PA BAR ID No. 328056
306 South New Street
Bethlehem, PA 18015
*Counsel for Plaintiff*
*\* Admitted Pro Hac Vice S.D.N.Y*

By:/s/ Martin Souto Diaz
Martín Souto Díaz, Esq.
PA BAR ID No. 326462
46 N. 6th Street
Stroudsburg, PA 18360
*Counsel for Plaintiff*
*\*Admitted Pro Hac Vice S.D.N.Y.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **PHILIP S. AURECCHIONE** | : | NO. 7:22-cv-04538-NSR |
| Petitioner | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **NEW YORK ATTORNEY GENERAL** | : | |
| **LETITIA JAMES (OFFICIAL CAPACITY);** | : | |
| **ACTING COMMISSIONER ANTHONY J.** | : | |
| **ANNUCCI NEW YORK STATE** | : | |
| **DEPARTMENT OF CORRECTIONS AND** | : | |
| **COMMUNITY SUPERVISION (OFFICIAL** | : | |
| **CAPACITY); SHERIFF LOUIS FALCO III** | : | |
| **OF THE ROCKLAND COUNTY** | : | |
| **SHERIFF'S DEPARTMENT (OFFICIAL** | : | |
| **CAPACITY; DISTRICT ATTORNEY OF** | : | |
| **THE ROCKLAND COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE; OFFICERS JOHN** | : | |
| **DOE 1 – 4 OF THE ROCKLAND COUNTY** | : | |
| **SHERIFF'S DEPARTMENT (OFFICIAL** | : | |
| **AND INDIVIDUAL CAPACITY);** | : | |
| **; PAROLE OFFICERS RYAN AND** | : | |
| **JOHNSON (OFFICIAL CAPACITY AND** | : | |
| **INDIVIDUAL CAPACITY)** | : | |
| Respondents. | : | |

## <u>ORDER ON MOTION FOR EXTENSION OF TIME FOR SERVICE AND EXPEDITED DISCOVERY</u>

**THIS CAUSE** having come before the Court on Plaintiff's Motion to Extend the Time for Service of the Summons and Complaint upon the unnamed John Doe defendants 1-4; for an order to Compel Defendant Rockland County Sheriff Louis Falco to disclose the names of same; and on request of Plaintiff for leave in the alternative for expedited discovery prior to the R. 26(f) conference, the Court being duly advised in the premises does hereby Orders as follows.

1) That pursuant to Fed. R. Civ. P. 37(a)(1) this court hereby **ORDERS** Defendant Rockland County Sheriff to disclose the identities of the Rockland County Sheriff's Officer(s) John Does 1 – 4, as it pertains to the June 01, 2021 arrest of the Plaintiff;

2) That pursuant to Fed R. Civ. P. 26(d)(1), Plaintiff's request for leave in the alternative permitting Plaintiff to discover limited information about the identities and names of the Rockland County Sheriff's Officers named as Defendant's John Doe(s) 1-4, by way of a Fed. R. Civ. P. 34 request or R. 45 Subpoena is hereby **GRANTED;**

3) That Plaintiff's request for leave in the alternative pursuant to Fed R. Civ. P. 27 *et. seq.* to perpetuate the testimony of person(s) who have information related to the identity of the John Doe Officers for the limited purpose of revealing their identities to aid in service of the complaint against them is further **GRANTED; and**

4) That pursuant to Fed. R. Civ. P. 4(m) extend the time of service by an additional thirty (30) days following disclosure of the identities of the named Defendant Officers John Does 1-4 to allow Plaintiff the opportunity to serve the John Doe Defendants is hereby **GRANTED.**

**ORDERED** this ___ day of _____, 2022.


By: _____

       **NELSON ROMÁN, U.S. DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **PHILIP S. AURECCHIONE** | : | |
| Petitioner | : | |
| | : | NO. 7:22-cv-04538-NSR |
| **vs.** | : | |
| | : | |
| **NEW YORK ATTORNEY GENERAL** | : | **ATTORNEY AFFIRMATION IN** |
| **LETITIA JAMES (OFFICIAL CAPACITY);** | : | **SUPPORT OF MOTION FOR LEAVE** |
| **ACTING COMMISSIONER ANTHONY J.** | : | **TO EXTEND TIME FOR SERVICE** |
| **ANNUCCI NEW YORK STATE** | : | **AND EXPEDITED DISCOVERY** |
| **DEPARTMENT OF CORRECTIONS AND** | : | |
| **COMMUNITY SUPERVISION (OFFICIAL** | : | |
| **CAPACITY); SHERIFF LOUIS FALCO III** | : | |
| **OF THE ROCKLAND COUNTY** | : | |
| **SHERIFF'S DEPARTMENT (OFFICIAL** | : | |
| **CAPACITY; DISTRICT ATTORNEY OF** | : | |
| **THE ROCKLAND COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE; OFFICERS JOHN** | : | |
| **DOE 1 – 4 OF THE ROCKLAND COUNTY** | : | |
| **SHERIFF'S DEPARTMENT (OFFICIAL** | : | |
| **AND INDIVIDUAL CAPACITY);** | : | |
| **; PAROLE OFFICERS RYAN AND** | : | |
| **JOHNSON (OFFICIAL CAPACITY AND** | : | |
| **INDIVIDUAL CAPACITY)** | : | |
| Respondents. | : | |

## AFFIRMATION OF ROBERT C. BARCHIESI II ESQ.

**ROBERT C. BARCHIESI, II, ESQ.,** an attorney duly admitted to practice *Pro Hac Vice* before

the United States District Court for the Southern District of New York hereby affirms the following to be

true under the penalties of perjury pursuant to CPLR § 2106 and 28 U.S.C. § 1746.

1. I am one of Plaintiff's attorneys in the above-captioned matter and am appearing with the

   permission of the Court *Pro Hac Vice.* ECF Doc No. 4.

2. Plaintiff filed the underlying Complaint on June 1, 2022. ECF Doc No(s) 1 & 3.

3. On July 1, 2022, a Summons was issued in this matter upon Defendant, Louis Falco III, Rockland County Sheriff. ECF Doc No. 11

4. On August 10, 2022, the Defendant Sheriff was served with a copy of the summons and complaint in this action. ECF Doc No. 17.

5. That despite the diligent efforts of counsel to identify the unnamed John Doe Defendants, counsel is still without the necessary information to identify and name the Defendant Officers John Does 1-4 without the assistance of the Court, or through early discovery prior to the R. 26(f) conference.

6. Undersigned counsels' due diligence includes, but is not limited to:

   i. On August 5, 2022, undersigned counsel contacted opposing counsel in the underlying state case *Aurecchione v. Rockland County* for information regarding this issue. A true and correct copy of this exchange is attached as "Exhibit A."

   ii. Undersigned counsel requested the identity of the John Doe Defendants via a Freedom of Information Law request on August 5, 2022. A true and correct copy of this request is attached as "Exhibit B." Although, Sergeant Thomas Hendrickson responded that the Department would provide a response withing twenty (20) business days, no such response has been delivered as of this writing.

7. As the foregoing attempts have been unsuccessful, the undersigned counsel hereby requests this Court order Defendant Rockland County Sheriff to disclose the identities of the Rockland County Sheriff's Officer(s) John Does 1 – 4, as it pertains to the June 01, 2021 arrest of the Plaintiff.

8. Plaintiff requests, in the alternative, that the court grant leave to the undersigned to issue a subpoena for any related documents or information from any party or 3rd party who may have such information in its possession or under its control.

9. As a further alternative, Plaintiff seeks this Court's leave to perpetuate the testimony of person(s) who may have such information related to the identity of the John Doe Officers for the limited purpose of revealing their identities to aid in service of the complaint against them.

10. That in connection with this request, Plaintiff is also seeking additional time within which to serve the John Doe Defendants following disclosure of their identities.

11. Good cause supports this request.

August 27, 2022                                        Respectfully Submitted,

By:_____
Robert C. Barchiesi, II, Esq.
PA BAR ID No. 328056
306 South New Street
Bethlehem, PA 18015
*Counsel for Plaintiff*
* *Admitted Pro Hac Vice S.D.N.Y*



August 05, 2022

<u>Via Email and First-Class Mail</u>

Robert B. Weissman, Esq.
Saretsky Katz & Dranoff, L.L.P.
565 Taxter Road, Suite 210
Elmsford, New York 10523

RE:     <u>Aurecchione v. Falco et. al.</u>
        7:22-CV-04538-NSR

Dear Attorney Weissman:

As you know, this office represents Philip S. Aurecchione in the above-captioned matter. Please advise if you will also be representing Rockland County and the related named county defendants in the federal matters as well.

If you could kindly advise if you would also be able to accept service on behalf of same and would be willing to do so under the provisions of Fed. R. Civ. P. 4(d) *et. seq.* Upon your reply, I will direct service of the Summons and Complaint accordingly.

On another matter, our office has filed a request with the Rockland County Sheriff's Office for the records pertaining to Mr. Aurecchione's arrest on June 01, 2021, which is the subject of the ongoing litigation between the parties. We are further requesting the names of all officers that were involved in the arrest of Mr. Aurrechione on that day.

This information should be readily available and easily ascertainable by your office, and we are hereby requesting that it be turned over without delay so that we may properly proceed to substitute the "john doe" parties and amend the complaint pursuant to Fed. R. Civ. P. 15(c) before the limitations period expires.

As the deadline is fast approaching, your cooperation in furnishing the information requested is greatly appreciated.

We thank you for your consideration of the foregoing.

Respectfully,

By:/s/ Robert C. Barchiesi
        Robert C. Barchiesi, II, Esq.
        PA Bar Id. No 328056
        306 South New Street
        Bethlehem, PA 18015
        robert@barchiesilaw.com
        (610) 674-9846

Enclosures:

Martín Souto Díaz Esq.  – Co-Counsel for Plaintiff Philip S. Aurecchione.

 Gmail

**Robert Barchiesi <robert@barchiesilaw.com>**

---

## Aurecchione v. Falco 7:22-CV-04538-NSR

**Robert Weissman** <rweissman@skdllp.com>                    Wed, Aug 10, 2022 at 7:58 AM
To: Robert Barchiesi <robert@barchiesilaw.com>
Cc: Eric Dranoff <edranoff@skdllp.com>

Dear Mr. Barchiesi,

I was out of the office with extremely limited access to e-mail from the morning of August 5 through last night. I am now in receipt of your letter and e-mail of August 5.

Please be advised that, since we are outside counsel, we lack authority to accept service of the federal complaint on behalf of any defendants. For the same reason, we lack authority to provide you with County documents in the federal case. Once the complaint is served, we will presumably be assigned to respond since we have been assigned to handle the petition to file a late notice of claim. Assuming we are assigned, we can address your request for County documents at that time.

Rob Weissman

Robert B. Weissman, Esq.

Saretsky Katz & Dranoff, L.L.P.

565 Taxter Road, Suite 210

Elmsford, New York 10523

Ph. (212) 973-9797 x214

Direct Dial:  (646) 854-5647

Fax (212) 973-0939

 Please consider the environment before printing.

Notice: This e-mail message and any attachment to this e-mail message contain information that may be legally privileged and confidential from Saretsky Katz & Dranoff, L.L.P. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 212-973-9797 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message,

some or all of the contents of this message or any attachments may not have been produced Saretsky Katz & Dranoff,
L.L.P.

Nothing in this message is intended to constitute an Electronic Signature for purposes of the Uniform Electronic
Transactions Act or the Electronic Signatures in Global and National Commerce act, unless a specific statement to the
contrary is included in this message.

**From:** Robert Barchiesi [mailto:robert@barchiesilaw.com]
**Sent:** Friday, August 05, 2022 11:36 PM
**To:** Robert Weissman <rweissman@skdllp.com>
**Subject:** Aurecchione v. Falco 7:22-CV-04538-NSR

Dear Attorney Weissman -

Kindly see attached in reference to the above.

Robert C. Barchiesi, II, Esq.

Attorney-at-Law

306 South New Street

Bethlehem, PA 18015

robert@barchiesilaw.com

(610) 674-9846



*******************************************************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected
by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or
saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify
the sender immediately.

*******************************************************************************************

 Gmail

**Robert Barchiesi <robert@barchiesilaw.com>**

---

## Aurecchione v. Falco 7:22-CV-04538-NSR

---

**Robert Barchiesi** <robert@barchiesilaw.com>                Mon, Aug 8, 2022 at 10:08 AM
To: Robert Weissman <rweissman@skdllp.com>

Good afternoon Attorney Weissman - just following up on my letter of August 05, will you be representing the Rockland county named defendants in the federal action and will accept service on behalf of same?

Thank you.
[Quoted text hidden]
--
Robert C. Barchiesi Esq.
Attorney-at-Law
(610) 674-9846



Robert Barchiesi <robert@barchiesilaw.com>

---

## [Records Center] Sheriff's Office - FOIL Request :: S005601-080522

**Rockland County FOIL** <rocklandcountyny@mycusthelp.net>    Wed, Aug 10, 2022 at 6:21 AM
To: "robert@barchiesilaw.com" <robert@barchiesilaw.com>

--- Please respond above this line ---



August 10, 2022

Attorney Robert Barchiesi
306 S. New St.
Bethlehem PA 18015

Re: Response to Request dated 8/5/2022 10:46:47 PM for Access to Records
Under the Freedom of Information Law

Dear Attorney Robert Barchiesi,

I am writing to acknowledge receipt of your request for records under the Freedom of Information Law (FOIL) received via . A copy of your request is attached.

In accordance with FOIL, I will advise you within twenty (20) business days if this department maintains any records that are responsive to your request and whether this department will make the records available to you, deny you access to any such record or furnish you with a statement of the approximate date in which the request will be granted or denied. Should a record be provided we will also advise of the permissible cost to be paid before the release of the records.

Please be further advised that pursuant to Executive Order No. 94-2, as amended by Nos. 04-03 and No. 07-01, which outline the procedure for application for access to record of the county under FOIL, you have the right to appeal a denial of an application to the Records Access Appeals Officer in the Office of the County Executive, County of Rockland, 11 New Hempstead Road, New City, New York, 10956

Very truly yours,

Sgt. Thomas Hendrickson

---

To monitor the progress or update this request please log into the Public Records Center

Powered by


 Gmail

**Robert Barchiesi <robert@barchiesilaw.com>**

---

## Sheriff's Office - FOIL Request :: S005601-080522

**Rockland County FOIL** <rocklandcountyny@mycusthelp.net>     Fri, Aug 5, 2022 at 7:47 PM
To: "robert@barchiesilaw.com" <robert@barchiesilaw.com>

---



---

Dear Attorney Robert Barchiesi:

This is an automatic, computer generated message.  Your FOIL request to the Count of Rockland was submitted on **8/5/2022** and given the reference number **S005601-080522** for tracking purposes.  The Department that receives your FOIL request will send you a formal acknowledgment of receipt within five (5) business days.

**Records Requested:**
"Please provide our office with records pertaining to the arrest of Philip S. Aurecchione from on or about June 01, 2021, to include copies of any reports, incidents, or documents pertaining thereto. Please also identify the names of the arresting officers, their badge numbers, and any other identifying information as subject to disclosure and permitted by law."
Please be advised that, pursuant to Executive Order No. 94-2, as amended by Nos. 04-03 and No. 07-01, which outlines the procedures for applications for access to records of the County under FOIL, you have the right to appeal a denial of an application to the Records Access Appeals Officer in the Office of the County Executive, County of Rockland, 11 New Hempstead Road, New City, New York 10956.

---

To monitor the progress of or to update this request, please log into the Public Records System.


Powered by
GovQA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**PHILIP S. AURECCHIONE**
       Petitioner

**vs.**

**SHERIFF LOUIS FALCO III OF THE ROCKLAND COUNTY SHERIFF'S DEPARTMENT (OFFICIAL CAPACITY; DISTRICT ATTORNEY TOM WALSH OF THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE (OFFICIAL CAPACITY); DEFENDANT OFFICERS JOHN DOE 1 – 4 OF THE ROCKLAND COUNTY SHERIFF'S DEPARTMENT (OFFICIAL AND INDIVIDUAL CAPACITY); ACTING COMMISSIONER ANTHONY J. ANNUCCI NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (OFFICIAL CAPACITY); PAROLE OFFICERS RYAN AND JOHNSON (OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY)**
       Respondents.

NO. 7:22-cv-04538-NSR

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE AND EXPEDITED DISCOVERY

Dated: August 27, 2022

## <u>TABLE OF CONTENTS</u>

INTRODUCTION……………………………………………………………………………..1

FACTUAL AND PROCEDURAL BACKGROUND…………………………………………1-3

ARGUMENT………………………………………………………………………………..3

    A. LEGAL STANDARD GOVERNING EXPEDITED DISCOVERY REQUESTS TO IDENTIFY AN ANONYMOUS DEFENDANT…………………………………………………3-4

        *1.* *Plaintiff's Complaint Makes a Prima Facie Claim for Violation of Civil Rights…………..4-5*

        *2.* *Plaintiff identifies the Limited and Specific Information he seeks by way of court order, Subpoena or Rule 34 Requests Reasonably Necessary to serve John Doe Defendants 1-4…..5*

        *3.* *There are no "Alternative Means" to Uncover Doe Defendants' True Identity……………..5-6*

        *4.* *The Subpoenaed Information Is Necessary to Advance Plaintiff's Constitutional Claims…..6*

        *5.* *Defendants' Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Pursuing his claim against government officials …………………………………………6-7*

    B. THERE IS GOOD CAUSE FOR THIS COURT TO GRANT PLAINTIFF'S MOTION FOR EARLY DISCOVERY AND TO EXTEND THE DEADLINE FOR SERVICE ……………..7-8

CONCLUSION…………………………………………………………………………8-9

## I.   INTRODUCTION

On June 01, 2021, Plaintiff, Philip S. Aurecchione, was the subject of an unlawful arrest and numerous civil rights violations at the hands of the named defendants to this action. That following the filing of this complaint, Plaintiff was unable to identify the names of the officers from the Rockland County Sheriff's Office who were initially involved in his arrest and detention. That, while the Defendant recalls information about that day, including descriptions of the officers involved, as well as the agency from which the Officers were employed, he is still currently unable to identify them by name. That after diligent efforts were made by counsel to ascertain the names of the John Doe defendants, counsel is still without sufficient information to identify the John Doe parties. That on information and belief, the information that could lead to the identity of the unnamed officers is readily accessible and in the possession of the defendant Rockland County Sheriff Louis Falco III. That despite counsel's reasonable request for the disclosure of such information pursuant to New York public records request (FOIL), neither the Defendant Sheriff, nor his counsel has provided same.

As such information is crucial to naming, serving and relating these claims back to the appropriate defendant officers, Plaintiff now seeks this Court's intervention to assist Plaintiff in identifying the names of the officers involved in his arrest of June 01, 2021, by and through this application for leave for expedited discovery and the requested order to compel defendant Sheriff's disclosure of same.

Plaintiff only seeks such information for the limited purpose of prosecuting the claims made in his Complaint.

## II.       FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2020, after having served concurrent sentences on Federal and State convictions at the Metropolitan Detention Center in Brooklyn, New York, Plaintiff was released from federal custody

following the determination that his sentences had been served in satisfaction. (Am. Compl. ¶¶ 34-41 at ECF No. 23) That following his release from federal custody, New York State Officials began to pursue Plaintiff nearly eleven months later, alleging he owed a balance of time on his New York State sentence, even though no detainer was ever filed by New York State Officials *Id.* at ¶¶ 42-45. Nevertheless, Rockland County and New York Officials pursued Plaintiff's arrest nearly sixteen months later. *Id.* That prior to his arrest and following his release from federal custody, Plaintiff never left the State of New York. During such time, Plaintiff obtained employment, housing and began to reestablish himself as a productive member of society. *Id.* at ¶¶ 47-49.

That prior to apprehending Plaintiff, Rockland County officials sought a warrant for Plaintiff's arrest on July 20, 2020. *Id.* at ¶ 43 However, Judge Russo of the Rockland County Supreme Court denied law enforcement's request for the issuance of a warrant for Plaintiff's arrest. *Id.* Nearly sixteen (16) months later, Rockland County Officers John Does 1-4 surveilled the Plaintiff, stopped his vehicle, and forcefully arrested him without any provocation. Officers unlawfully arrested and seized him without a warrant, or any probable cause to believe that a new crime or offense had been committed. *Id.* at ¶ 47-49

When Plaintiff asked them if they had a warrant for his arrest, the officers replied that they did not need a warrant and that they would be returning him to prison to serve the balance of his sentence. That following the Plaintiff's arrest, he was never brought before the Court, never advised of the charges against him, and never informed as to what he could do to challenge his unlawful detention. *Id.*

That following his arrest and incarceration by Rockland County and New York officials, Plaintiff engaged in a series of litigation to free himself from the custody of the state. *Id.* at ¶¶ 53-71. It took several *Habeas* actions in the state and federal courts to secure the Plaintiff's freedom and discharge of his New York State sentence. This complaint under 28 U.S.C. § 1983 is what followed.

Since filing this complaint on June 01, 2022, Plaintiff has been able to serve all other parties, but the John Doe Defendants. See ECF Doc. No(s). 17, 18, 21, & 22. Plaintiff has even sought and learned the identities of the Defendant Parole Officers, whom he has managed to successfully serve. Plaintiff now seeks the Court's assistance in obtaining the identities of the John Doe defendants by compelling the Defendant Rockland County Sheriff to disclose the identities of same, or grant the Plaintiff leave to serve the necessary subpoenas, or party requests for the limited purpose of ascertaining the names of the defendant officers.

## III.   ARGUMENT

This Court should grant Plaintiff's request because of his diligent efforts to timely obtain the information from other relevant sources before coming to this Court on such a request and because of Defendant Rockland County Sheriff's lack of cooperation in providing Plaintiff the records he sought through lawful public records requests. Moreover, Plaintiff can meet the required elements for this relief.

### A.  LEGAL STANDARD GOVERNING EXPEDITED DISCOVERY REQUESTS TO IDENTIFY AN ANONYMOUS DEFENDANT

Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." *See Malibu Media, LLC v. John Does 1-13*, 12-cv-1156 (JFB) (ETB) 2012 U.S. Dist. LEXIS 41175. However, the same rules allow a party to engage in discovery before the Rule 26(f) conference pursuant to court order. Fed. R. Civ. P. 26(d)(1). The case law mirrors the same reasoning: "[t]hough parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), courts may in some instances order earlier discovery." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). "[A] party may engage in discovery before such a conference pursuant to court order." *Malibu Media, LLC v. John Doe*

*Subscriber Assigned IP Address 173.68.5.86*, No. CV 16-02462 AJN, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (citing Fed. R. Civ. P. 26(d)(1). "Courts in such circumstances apply a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, No. CV 19-5818 (AT)(JLC), 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) (citations and internal quotations omitted).

The Second Circuit has outlined "[t]he 'principal factors' that courts consider when deciding whether expedited discovery is appropriate.". *Id*; *Arista Records LLC v. Doe*, 604 F.3d 110, 115 (2d Cir. 2010). The *Arista* court adopted Judge Chin's five-factor analysis for good cause in *Sony Music Entertainment Inc. v. Does* 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004):

> [The] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

604 F.3d at 119 (quoting Sony Music, 326 F.Supp. 2d at 564–65). Applying these factors to the case at bar reveals that these factors all weigh in Plaintiff's favor.

### 1. Plaintiff's Complaint Makes a Prima Facie Claim for Violation of Civil Rights

Plaintiff has made a *prima facie* case for claims involving his arrest, incarceration, and the civil rights violations that give rise to the Plaintiff's pursuit of claims pursuant to 28 U.S.C. § 1983 and the related state law claims. As alleged throughout the complaint, Plaintiff has filed suit due to a warrantless arrest, unlawful commitment, and unconstitutional imposition of supervision following his release. In determining whether probable cause existed at the time of arrest, the Court looks only to whether an objectively reasonable officer could find probable cause, not what the officer in question subjectively believed. *Baldeo v. Keiser-O'Neill*, 2018 WL 3733942, at *3 (E.D.N.Y. Aug. 6, 2018) (citing *Heien v.*

*North Carolina*, 574 U.S. 54, 66 (2014)). With neither a warrant, a re-commitment order, nor a new crime having been committed, the underlying arrest is presumptively unconstitutional. Further, Plaintiff has already litigated some of these issues in both state and federal courts with success, which has shown a willful disregard for the rule of law by the Defendant parties to this action. The Plaintiff's complaint sets out the constitutional issues and provides comprehensive allegations regarding the manner by which these actions occurred, including the date and time of incidents used to effectuate the unconstitutional arrest and punishment, and subsequent litigation. Thus, this factor weighs in favor of Plaintiff.

>    2. *Plaintiff identifies the Limited and Specific Information he seeks by way of court order, Subpoena or Rule 34 Requests Reasonably Necessary to serve John Doe Defendants 1-4*

The second factor similarly weighs in favor of Plaintiff. The goal of seeking the Defendants' true names and permanent addresses, which constitute a narrowly tailored set of facts, solely under Defendants control, is highly specific in nature and would only allow Plaintiff to effectuate service and name the appropriate parties in the complaint. *Malibu Media, LLC v. Doe No. 4*, 12-cv-2950 (JPO), 2012 U.S. Dist. LEXIS 170554. This attempt is crucial for service and asks for no more than what is needed to identify and serve John Doe Defendants 1-4.

>    3. *There are no "Alternative Means" to Uncover Doe Defendants' True Identity*

Plaintiff has only a limited view into the Defendants' true identity, only having access to the physical description provided by Mr. Aurecchione. Indeed, the only Defendant who would know this information is Sheriff Louis Falco, III, whose office maintains the arrest records, reports, and booking sheets that would have the identities of the officers involved in his arrest on June 01, 2021. Plaintiff has tried to ascertain the Defendants' identity via public records request (FOIL) request and communicated with opposing counsel in the NYS case for this purpose.

At this time, Plaintiff is only able to identify John Does 1-4 with reference to their appearance, statements, and insignia. Once supplied with the date and time of the alleged actions, the Rockland County Sheriff's Department can access jail logs, booking sheets, and arrest reports, to name just a few sources, to identify the particular individuals associated with Mr. Aurecchione's arrest. Plaintiff has thus established that it can only obtain Defendants' information through a subpoena of the Sheriff Department's records and employee logs. There is simply no alternative means by which Plaintiff can identify John Doe Defendants 1-4 absent the present court order or requested subpoena. *See Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012). Thus, the third factor weighs heavily in Plaintiff's favor.

### 4. The Subpoenaed Information Is Necessary to Advance Plaintiff's Constitutional Claims

As previously emphasized, Plaintiff cannot properly serve Defendant without first ascertaining the identity of the deputies who placed him in custody. Judge Chin framed this factor aptly: "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." S*ony Music*, 326 F. Supp. 2d at 566. Plaintiff has a strong claim, indeed, certain Defendants have already inadvertently admitted to civil rights violations during the course of litigation at different steps. All that stands in the way of the merits is effectuating service in this case. See *Malibu Media, LLC v. Doe,* No. CV 15-3504 JFB(SIL), 2016 WL 4444799, at *11 (E.D.N.Y. Aug. 23, 2016) ("Without learning the Defendant's identity and address, the Plaintiff will be unable to serve process and pursue its claim.") (citation omitted).

### 5. Defendants' Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Pursuing his claim against government officials

Our Courts have routinely held that [t]he public has a profoundly important interest "in giving force to the federal civil rights law," and in reasonable transparency from law enforcement agencies

around the disclosure of various reports and documents. *Floyd v City of NY*, 739 F Supp 2d 376, 381-382 [SDNY 2010]. As the court in *Wood v. Breier* eloquently explained:

> *Each citizen acts as a private attorney general who takes on the mantel of the sovereign, guarding for all of us the individual liberties enunciated in the Constitution. Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.*

*Wood v. Breier, 54 F.R.D. 7, 13 (E.D. Wise. 1972).* Here, Plaintiff seeks limited information in advance of the R. 26(f) conference to allow him to timely include the Officers that took part in his unlawful and unconstitutional arrest. He is not seeking sensitive information that could place any investigation, officer or witness in jeopardy, but is merely seeking the names of the public employees who participated in the events which give rise to his claims under § 1983. As such, Defendants would have a *de minimis* privacy interest in protecting their names from disclosure, and the Plaintiff's need to know the identities of the perpetrators of these civil rights violations outweighs any privacy concerns they may otherwise have with respect to same.

## B. THERE IS GOOD CAUSE FOR THIS COURT TO GRANT PLAINTIFF'S MOTION FOR EARLY DISCOVERY AND TO EXTEND THE DEADLINE FOR SERVICE

Unlike the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules ("CPLR") creates a special procedure for claims alleged against John Doe defendants. N.Y. C.P.L.R. § 1024 (McKinney 2013). Section 1024 of the CPLR reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all

subsequent proceedings shall be taken under the true name and all prior
proceedings shall be deemed amended accordingly.

To meet the standard of § 1024, a party must meet two requirements. *See Justin v. Orshan*, 14 A.D.3d
492, 788 N.Y.S.2d 407, 408 (2d Dep't 2005); *Maurro v. Lederman*, 7 Misc.3d 863, 795 N.Y.S.2d 867,
870–71 (Sup.Ct. Richmond Cnty.2005). First, the party must "exercise due diligence, prior to the running
of the statute of limitations, to identify the defendant by name." *Bumpus v. Nyc Tr. Auth.*, 883 N.Y.S.2d
99, 104 (N.Y. App. Div. 2009); *see also Harris v. N. Shore Univ. Hosp. at Syosset*, 16 A.D.3d 549, 792
N.Y.S.2d 148, 149 (2d Dep't 2005); *Justin*, 788 N.Y.S.2d at 408; *Luckern v. Lyonsdale Energy Ltd.*, 229
A.D.2d 249, 654 N.Y.S.2d 543, 545–46 (4th Dep't 1997). Second, the party must describe the John Doe
party "in such form as will fairly apprise the party that [he] is the intended defendant." *Bumpus*, 883
N.Y.S.2d at 104; see also *Lebowitz v. Fieldston Travel Bureau, Inc.*, 181 A.D.2d 481, 581 N.Y.S.2d 302,
303 (1st Dep't 1992).

As discussed in more detail above, the Plaintiff's complaint issues and provides comprehensive
allegations regarding the incident, including the date and time of incidents used to effectuate the
unconstitutional arrest and subsequent false imprisonment of the Plaintiff. Further, Plaintiff has exercised
due diligence in attempting to obtain the identities of John Does 1-4, with no success. This information
on its face, meets the requirements of Section 1024.

## IV.    CONCLUSION

Based upon the foregoing reasons, Plaintiff respectfully requests this Honorable Court grant
Plaintiff the following relief:

1) Pursuant to Fed. R. Civ. P. 37(a)(1) Order Defendant Rockland County Sheriff to disclose the identities of the Rockland County Sheriff's Officer(s) John Does 1 – 4, as it pertains to the June 01, 2021 arrest of the Plaintiff, as premised upon *Valentin v Dinkins*, 121 F3d 72 [2d Cir 1997].

2) Pursuant to Fed R. Civ. P. 26(d)(1), for an order in the alternative permitting Plaintiff's leave to discover limited information about the identities and names of the Rockland County Sheriff's Officers named as Defendant's John Doe(s) 1-4, by way of a Fed. R. Civ. P. 34 request or R. 45 Subpoena.

3) Grant leave in the alternative pursuant to Fed R. Civ. P. 27 *et. seq.* to perpetuate the testimony of person(s) who have information related to the identity of the John Doe Officers for the limited purpose of revealing their identities to aid in service of the complaint against them.

4) Pursuant to Fed. R. Civ. P. 4(m) extend the time of service by an additional thirty (30) days following disclosure of the identities of the named Defendant Officers John Does 1-4 to allow Plaintiff the opportunity to serve the John Doe Defendants.

Dated: August 27, 2022

Respectfully Submitted,

By:/s/ Robert C. Barchiesi
Robert C. Barchiesi, II, Esq.
PA BAR ID No. 328056
306 South New Street
Bethlehem, PA 18015
*Counsel for Plaintiff*
*\* Admitted Pro Hac Vice S.D.N.Y*

By:/s/ Martin Souto Diaz
Martín Souto Díaz, Esq.
PA BAR ID No. 326462
46 N. 6th Street
Stroudsburg, PA 18360
*Counsel for Plaintiff*
*\*Admitted Pro Hac Vice S.D.N.Y.*

**SARETSKY KATZ & DRANOFF, L.L.P.**

565 Taxter Road – Suite 210
Elmsford, New York 10523

E-MAIL: rweissman@skdllp.com

TELEPHONE (212) 973-9797
FACSIMILE (212) 973-0939
www.skdllp.com

**(Please send all correspondence to the Elmsford address)**

NEW YORK CITY OFFICE
---------------
515 Madison Avenue
New York, New York 10022
Telephone (212) 973-9797
Facsimile (212) 973-0939

August 30, 2022

Hon. Nelson S. Román
United States Courthouse for the Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, New York 10601-4150

Re:   *Philip S. Aurecchione v. Sheriff Louis Falco III of the Rockland County Sheriff's
      Department (Official Capacity); District Attorney Tom Walsh of the Rockland
      County District Attorney's Office (Official Capacity); et. al.*
      Docket No.:  22-CV-4538 (NSR)

Dear Judge Román:

       We represent defendant the County of Rockland [s/h/a "Sheriff Louis Falco III of the
Rockland County Sheriff's Department (Official Capacity)" and "District Attorney Tom Walsh of
the Rockland County District Attorney's Office (Official Capacity)"] (hereinafter "the County").
We respectfully request a pre-motion conference or briefing schedule for the County's proposed
Rule 12(b)(5) and 12(b)(6) motion to dismiss Plaintiff's Complaint.

**Plaintiff's Claims**

       As to Plaintiff's allegations against the County, Plaintiff states he was convicted on charges
of unlawful possession of a firearm and violation of his federal supervision and was sentenced to
concurrent terms of two to four years of New York State imprisonment and eighteen months of
federal imprisonment. The Complaint then admits that the federal authorities erroneously released
him from their custody without delivering him to New York State correctional officials to serve
the remainder of his State sentence. Nonetheless, Plaintiff contends that, after remaining free for
fifteen months, employees of the Rockland County Sheriff's Department falsely arrested him and
wrongfully returned him to State custody. He further alleges that after a *habeas corpus* proceeding
resulted in him being credited for the time that he was erroneously released, he was released from
State custody. Plaintiff thus asserts § 1983 false arrest and imprisonment causes of action against
Sheriff Falco in his official capacity (first cause of action) and District Attorney Walsh in his
official capacity (second cause of action), claiming that plaintiff's arrest and detention violated his
Constitutional rights. He also asserts New York State tort claims of false arrest and imprisonment
(fourth cause of action), intentional infliction of emotional distress (fifth cause of action) and
negligent infliction of emotional distress (sixth cause of action).

       The Complaint contains no well-pleaded facts asserting that either District Attorney Walsh
or Sheriff Falco played any personal role in the events leading to his arrest and detention. In fact,

Hon. Nelson S. Román
August 30, 2022
Page 2

to the extent that the District Attorney's Office is mentioned at all, the only purportedly culpable conduct by said office is that, in the process of attempting to return Plaintiff to State custody, an assistant district attorney applied for an arrest warrant, which was denied after a hearing.

Plaintiff also asserts various claims against the New York State Department of Corrections and Community Supervision and Plaintiff's New York State parole officers (third cause of action). Finally, although the Complaint asserts various causes of action against "John Doe" deputies, these defendants have neither been named nor served.

**Defective Service of Process**

Plaintiff has failed to properly serve the Complaint on the County. Plaintiff's County-based § 1983 claims are against D.A. Walsh and Sheriff Falco in their official capacities, which is simply another way of naming the County itself. *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012). As such, service must be made in compliance with CPLR § 311(4) for service of process on a county. In this case, service on the County was made on Undersheriff Robert Van Cura (PACER Doc. 17) Denise Serra, the receptionist for the District Attorney's Office (PACER Doc. 18). Such service does not comply with the requirements of CPLR § 311(4), which states that service of a county shall be "to the chair or clerk of the board of supervisors, clerk, attorney or treasurer". Thus, plaintiff's service of process is defective and he has failed to obtain jurisdiction over the County defendants.

**§ 1983 Claims:  Failure to Plead a *Monell* Policy**

As a substantive matter, plaintiff's § 1983 claims (first and second causes of action) should be dismissed since they fail to plead the existence of a *Monell* policy. Critically, a "local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead… [i]t is only when the execution of the government's policy or custom ... inflicts the injury that the municipality may be held liable under § 1983." *Monell v. Dept. of Social Svcs. of City of New York*, 436 U.S. 658, 694 (1978).

In order to plead a *Monell* policy, a plaintiff must plausibly plead the existence of either (1) a formal policy officially endorsed by the municipality; (2) actions taken by final municipal policymakers responsible for establishing the policies that allegedly caused the deprivation in question; (3) a widespread and accepted custom or practice; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Gomez v. Westchester Cnty.*, 2021 WL 4443379, at *7 (SDNY 2021) (Román, DJ). Plaintiff's Complaint does not plead the existence of any of these types of *Monell* policy. As such, the Complaint fails to plausibly plead a § 1983 cause of action against the County. And, given that Plaintiff's 1983 claims are only asserted against District Attorney Walsh and Sheriff Falco in their official capacities, the failure to plead a *Monell* policy is fatal to plaintiff's first and second causes of action.

Hon. Nelson S. Román
August 30, 2022
Page 3

## § 1983 Claims:  Eleventh Amendment Immunity Bars Second Cause of Action

To the extent that Plaintiff's second cause of action is premised on the actions of the Rockland County District Attorney's Office in seeking an arrest warrant, Eleventh Amendment sovereign immunity warrants dismissal of this cause of action. As stated in *Klein v. Beltempo*, 2018 WL 4284317, at *5 (SDNY 2018) (Román, DJ), "Suits against state officials, which include assistant district attorneys, acting in their official capacities, are barred by Eleventh Amendment immunity." Thus, since the County's purported liability is premised on the actions of an assistant district attorney seeking a bench warrant, such action is deemed undertaken on behalf of New York State. Hence, since the State of New York has not waived its Eleventh Amendment immunity from suit in federal court, such immunity bars any claims premised on the prosecutor's application for a bench warrant. And, because such application is the only action that the Complaint's well-pleaded factual allegations attributes to the D.A.'s Office, Plaintiff's second cause of action should be dismissed.

## State Tort Claims:

Given the failures of plaintiff's federal claims, there is no reason for this Court to retain jurisdiction over his pendent New York State tort claims against the County. *See* 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 475, 481 (2d Cir. 2021). However, even if the Court were inclined to retain jurisdiction over the State law claims, they fail as a matter of law because:  (1) "public policy bars claims for intentional infliction of emotional distress against municipalities" (*Ross v. Port Chester Hous. Auth.*, 2019 WL 4738941, at *8 (SDNY 2019) (Román, DJ)); (2) plaintiff fails to plead the requisite physical endangerment required for a claim of negligent infliction of emotional distress (*Cano v. SEIU Loc. 32BJ,* 2021 WL 4927166, at *14 (SDNY 2021), *report and recommendation adopted,* 2021 WL 4480274 (SDNY 2021)), stating only that the Sheriff's deputies "knowingly arrest[ed] the Plaintiff without a warrant, or without reasonable cause to believe that a crime or offense had been committed"; and (3) Plaintiff has included State tort claims in his Complaint prematurely, as he has yet to obtain permission to file a late notice of claim as to said claims and has thus denied the County its opportunity to take his G.M.L. § 50-h testimony prior to commencing suit.

Thank you for your consideration

Very truly yours,

*Robert B. Weissman*