USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2025

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

PHILIP S. AURECCHIONE,

                        Plaintiff,

    -against-

SHERIFF LOUIS FALCO III, *et al.*,

                        Defendants.

7:22-CV-04538 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Philip S. Aurecchione ("Plaintiff") brings this action under 42 U.S.C. § 1983 ("Section 1983") against the following Defendants: Seamus Lyons, James VanCura, Mark Colon, Kerri Kralik, and Investigator Budnick in their official and individual capacities as law enforcement officers in the Rockland County Sheriff's Department (collectively, the "County Defendants"). Plaintiff asserts four causes of action, including: (1) unlawful search and seizure and unreasonable delay in violation of substantive due process rights against Officers Lyons and Kralik (2) procedural due process violations against Officers Lyons, Kralik, Colon, VanCura, and Budnick; (3) unrelated special conditions of parole and violation of freedom of association in violation of substantive due process against Officers Ryan and Johnson-Richardson; and (4) unlawful search and seizure in violation of substantive due process against Officer Ryan. On October 25, 2023, Plaintiff filed the Third Amended Complaint ("TAC") (ECF No. 89). Pending before the Court are the County Defendants' motion to dismiss Plaintiff's first two causes of action. (ECF No. 108.) For the following reasons, the Court GRANTS the County Defendants' motion in full.

1

**BACKGROUND**

### A. Factual Background

On September 3, 2018, Plaintiff was arrested on state firearm charges and detained in Rockland County Jail. (TAC at ¶ 11.) Plaintiff was also charged with violating the terms of his federal supervised release, which were imposed as part of a prior federal case. (*Id*. at ¶ 12.) Plaintiff was then transferred to federal custody on a writ of habeas corpus. (*Id*. at ¶ 13.) On September 26, 2019, a federal judge sentenced Plaintiff to two 18-month terms of imprisonment for Plaintiff's violation of federal supervised release. (*Id*. at ¶ 15.) On February 7, 2019, Plaintiff pleaded guilty in his New York State ("NYS") case and was sentenced to two to four years of incarceration with his federal sentence. (*Id*. at ¶ 16.) Both Plaintiff's federal and NYS sentences were to run concurrently. (*Id*. at ¶¶ 15-16.) No supervision was to follow either sentence. (*Id*. at ¶¶ 15-16.) The Plaintiff was discharged from federal custody on February 25, 2020 (*Id*. at ¶ 18.)

Plaintiff was incarcerated from September 3, 2018, through February 25, 2020, for a total of 17 months and 22 days. As such, he still owed approximately six months on his minimum state sentence, and he owed more than two-and-a-half years on his maximum state sentence. The Department of Corrections and Community Services ("DOCCS") failed to file a timely detainer with the Bureau of Prisons ("BOP"). (*Id*. at ¶ 18.) On July 23, 2020, Judge Russo of Rockland County Court issued a Certificate of Conviction and Order of Commitment. (Declaration of Robert B. Weissman in Support of County Defendants' Motion to Dismiss ("Weissman Decl.") at Ex. M, ECF No. 72-13.) The Certificate committed Plaintiff into the custody of the Rockland County Sheriff's Department to serve the remainder of his state sentence. (*Id*.)

Following his release from Federal Custody, officials from DOCCS, the Rockland County Sheriff's Office, and Rockland County District Attorney's Office worked to re-arrest the

Plaintiff as he still had outstanding time on his NYS sentence. (*Id*. at ¶ 19.) Officers Lyons and Kralik were assigned to Plaintiff's case (*Id*. at ¶ 22.) Officers Lyons and Kralik sought a warrant from Judge Russo but were denied. (*Id*. at ¶ 23.) Plaintiff's Attorney was present to discuss the warrant and argue against its issuance. (*Id*. at ¶ 24.) Following the denial of the warrant, Plaintiff was not directed to surrender himself to the Rockland County Sheriff's Department to serve the rest of his state sentence. *Id*.

Officers Lyons and Kralik then physically and electronically surveilled the Plaintiff for 11 months. (*Id*. at ¶ 28.) This surveillance was joined by the Town of Newburgh Police Department and the FBI who worked to extract information from Plaintiff's social media and communications providers. (*Id*. at ¶ 29.) Plaintiff was arrested on June 21, 2021, by Officers Lyons Kralik, Colon, Kralik, VanCura, and Budnick. (*Id*. at ¶ 30.) Defendant Officers halted Plaintiff's vehicle, forcibly removed him, and "pushed [Plaintiff's] head against the car with significant force". (*Id*. at ¶ 32.)

Following his arrest, Defendant Officers Lyons and Kralik did not present Plaintiff before a sentencing court, which Plaintiff argues deprived him of his due process rights. (*Id*. at ¶¶ 33-34.) Following his arrest, Plaintiff was brought to Rockland County Jail. (*Id*. at ¶ 34.) After several weeks in Rockland County Jail, the Plaintiff was brought to the Downstate Correctional Facility in Dutchess County, New York without any new orders of re-commitment. (*Id*. at ¶¶ 37-38.) Plaintiff spent several months in custody of DOCCS and was released on May 11, 2022. (*Id*. at ¶ 39.)

On August 25, 2021, Plaintiff retained counsel. (*Id*. at ¶ 41.) Plaintiff's counsel filed a *Habeas* petition for his release from custody and to award him with credit he spent at liberty. (*Id*.

at ¶ 41.) DOCCS released Plaintiff under supervised release to Officers Dierdre Ryan and Lynn
Johnson-Richardson. (*Id*. at ¶ 42.) On November 10, 2021, Plaintiff's petition was rendered moot
due to his release, but he was given 16 months credit for liberty against his Rockland County
Sentence. (*Id*. at ¶ 44.) Plaintiff alleges that, although he informed Parole Officers Ryan and
Johnson-Richardson about his awarded time credit, they continued to harass him on parole. (*Id*.
at ¶ 46.) DOCCS moved to overturn Plaintiff's *Habeas* ruling which was denied. (*Id*. at ¶¶ 48-
50.) In response, Plaintiff filed a federal *Habeas* petition challenging his continued detention.
(*Id*. at ¶ 51.) DOCCS discharged Plaintiff's sentence before Plaintiff's federal petition could be
heard. (*Id*. at ¶ 52.)

During Plaintiff's parole, he was unable to live with his romantic partner due to a
conviction from over 20 years ago. (*Id*. at ¶ 56.) Parole Officers Ryan and Johnson-Richardson
placed restrictions on Plaintiff's ability to drive, work, and attend commercial driving training.
(*Id*. at ¶ 57.) Plaintiff was placed under mandated substance abuse counseling. (*Id*. at ¶ 57.) On
May 11, 2022, Plaintiff's parole ceased, and Parole Officers Ryan and Johnson-Richardson were
notified of Plaintiff's parole status. (*Id*. at ¶ 59.) Despite this, on May 18, 2022, Parole Officer
Ryan entered Plaintiff's property, where she searched his residence, detained, and questioned
him. (*Id*. at ¶ 60.) Officer Ryan never notified Plaintiff that his parole had ceased. (*Id*. at ¶ 61.)
Plaintiff was formally notified of this termination weeks later. (*Id*. at ¶ 62.)

### B. Procedural History

Plaintiff filed this action on June 1, 2022. (ECF No. 3.) This Court granted Plaintiff leave to
amend his pleadings twice. Plaintiff filed his First Amended Complaint on August 27, 2022.
(ECF No. 23), and his Second Amended Complaint ("SAC") on October 11, 2022. (ECF No.

4

42.) On January 27, 2023, Defendants moved to dismiss Plaintiff's SAC. (ECF No. 70.) On

September 25, 2023 the Court issued its opinion granting Defendants' motion. (ECF No. 88.)

On October 25, 2023, Plaintiff filed his TAC, alleging substantive and procedural due

process violation against County Defendants. (ECF No. 89.) On March 31, 2024, Defendants

filed their motion to dismiss the TAC. (ECF No. 108.) On the same day, Defendants filed a

memorandum of law in support of their motion to dismiss. ("Defs.' MoL.") (ECF No. 109) as

well as a reply memorandum of law ("Reply"). (ECF No. 111.) On March 31, 2024, Plaintiff

filled a memorandum of law in opposition to Defendants' motion. ("Opp.") (ECF No. 112.)

## LEGAL STANDARDS

### A.  Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a

court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable

inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal

conclusion couched as a factual allegation," or to credit "mere conclusory statements" or

"[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678 (quoting *Twombly*, 550

U.S. at 555.  "Because a Rule 12(b)(6) motion challenges the complaint as presented by the

plaintiff, taking no account of its basis in evidence," this Court "may review only a narrow

universe of materials." *Goel v. Bunge, Ltd*., 820 F.3d 554, 559 (2d Cir. 2016). The critical

inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); see *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep' t*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (stating Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.").

**C.  Law of the Case Doctrine**

The law-of-the-case doctrine asserts that once "a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Further, "when a court has ruled on an issue, that decision should generally be adhered to by the court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). Such compelling reasons include "major grounds justifying reconsideration [such as] intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) (quoting *Doe v. New York City Dept. of Social Services*, 709 F.2d at 782, 789 (2d Cir. 1983).

## DISCUSSION

**Plaintiff brings the following claims:**

(1) **Unreasonable Search and Seizure and Unreasonable Delay**, in violation of the Fourth, Fifth, and Fourteenth Amendments against Defendant Officers Seamus Lyons and Kerry Kralik in their official and individual capacities; and

(2) **Procedural Due Process Claim**, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments against Defendant Officers Seamus Lyons, Mark Colon, Kerry Kralik, James VanCura, and Investigator Budnick in their official and individual capacities.

Defendants move to dismiss these claims on several grounds.

## I.    Plaintiff's Dismissed Monell Claims

On September 25, 2023 the Court dismissed claims against Defendants in their official capacity with prejudice. The TAC reiterates these same claims against Defendants. Despite this, Plaintiff requests the Court, *sua sponte*, reconsider its finding.

Motions for reconsideration are governed by Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b). The standard for granting a reconsideration motion is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012). Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), aff'd sub nom. *Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759 & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006). Plaintiff has failed to demonstrate a legal basis for the Court to reconsider its prior ruling. Accordingly, the claims remain dismissed.

## II.    Plaintiff's Substantive and Procedural Due Process Claims

### A.    Defendant Officers Lyons and Kralik Are Responsible for Substantive Due Process Violations in their Individual Capacity

#### 1.    Unlawful Search and Seizure

When a Plaintiff brings a Section 1983 claim "[w]here a particular Amendment provides

an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273 (1994). Section 1983 claims for unreasonable search and seizure implicate the textual source of the Fourth Amendment. The Fourth Amendment protects "against unreasonable searches and seizures ... but upon probable cause." U.S. Const. amend. IV. In considering reasonableness, "a warrantless arrest by a law officer is reasonable ... where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The determination of "whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id*. Therefore, an officer has a defense against a Section 1983 claim against unreasonable search and seizure if their search was reasonable and justified by probable cause. *See Jenkins v. City of New York*, 478 F.3d 76 (2d Cir. 2007)) (stating "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest … whether the action is brought under state law or under § 1983.") (internal quotations omitted). Probable cause does not need to be considered in a vacuum of one officer's knowledge. An arrest is permissible "even if an arresting officer lacks personal knowledge sufficient to establish probable cause, so long as the officer acts as a result of communication with a ... [fellow] officer and the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest." *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 386 (E.D.N.Y. 2013) (citing *Annunziata v. City of New York,* 2008 WL 2229903, at *3 (S.D.N.Y. May 28, 2008) (internal quotations omitted).

Here, Plaintiff asserts in his TAC that Officers Lyons and Kralik surveilled him following their denial of a warrant request on September 14, 2020. (TAC at ¶ 61.) However, although no

warrant was issued, the Defendants conducted their search of Plaintiff "with county sanction." (*Id*. at ¶ 78.) On this basis, Plaintiff alleges that Defendants violated his Fourth Amendment Rights. In response, Defendants argue that "[t]his is simply a reformulated false arrest claim," which the Court already found was meritless because probable cause existed for Plaintiff's arrest. (Defs.' MoL. at 11.) Defendant's contentions are persuasive. In its September 25, 2023 Opinion, the Court concluded that Officers Lyons and Kralik had probable cause to re-arrest the Plaintiff. (ECF No. 88 at 19-20.) On February 5, 2020, Judge Russo issued a Certificate of Conviction and an Order of Commitment against the Plaintiff. (Weissman Decl. at Ex. M, ECF No. 72-13.) Despite Judge Russo declining to extend a bench warrant to arrest the Plaintiff (TAC at ¶ 67), Judge Russo's Certificate of Conviction provided Defendants Lyons and Kralik with the authority to re-arrest the Plaintiff. Given that Officers Lyons and Kralik had knowledge of the Certificate of Conviction and of Plaintiff's remaining state sentence, there was probable cause to re-arrest the Plaintiff. For these reasons, and those cited in the September 25, 2023 Opinion, Plaintiff's Section 1983 claims for unreasonable search and seizure are dismissed with prejudice.

### 2. Unreasonable Delay

A Plaintiff may bring a claim of unreasonable delay under the Fourth Amendment if the "individual can prove that his or her probable cause determination was delayed unreasonably." *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). The standard for probable cause "is a practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (internal quotations omitted). Examples of a probable cause delay under the Fourth Amendment include "delays for the purposes of gathering additional evidence to justify the arrest, a delay motivated by ill will, or delay for delay's sake." *McLaughlin*, 500 U.S. at 56 (1991). The probable cause determination seeks to limit the

government in warrantless arrests against officers who cannot give probable cause as to why the

arrest occurred. *Id* at 45. *See also U.S. v. Pabon*, 871 F.3d 164, 179-181 (2d Cir. 2017)

(discussing unreasonable delay under the Fourth Amendment primarily pertains to delays

following an arrest, not prior). Such claims of delay can be rendered moot when "they either

received probable cause determinations or were released." *McLaughlin*, 500 U.S. at 52 (1991). In

asserting the existence of such delays, the Plaintiff "bears the burden of proving the delay was

unreasonable." *Case v. City of New York*, 233 F. Supp. 3d 372, 387 (S.D.N.Y. 2017).

Here, and as mentioned *supra*, this Court has concluded that there was probable cause to

arrest Plaintiff following Judge Russo's Certificate of Conviction. The Fourth Amendment

primarily protects against unreasonable delays *following* an arrest. In his TAC, the Plaintiff

alleges delays *prior* to this arrest. Despite this difference, Judge Russo's certificate provided

Defendant Officers Lyons and Kralik with the necessary probable cause in either instance.

Accordingly, because (1) the Fourth Amendment's protection is confined to delays *following* an

arrest, and not prior to an arrest, and (2) there was probable cause to arrest Plaintiff, the Court

dismisses Plaintiff's unreasonable delay claim.

Under the Fifth Amendment, "delay prior to arrest or indictment may give rise to a due

process claim." *U.S. v. MacDonald*, 456 U.S. 1, 7 (1982). A Plaintiff may successfully bring this

claim [argument] if they could prove that the delay "caused substantial prejudice to [Plaintiff's]

right[] to a fair trial and the delay was an intentional device to gain tactical advantage over the

accused." *U.S. v. Marion*, 404 U.S. 307, 324 (1971). The determination of whether or not

prejudice has occurred under due process "are fact-specific inquiries that will turn on the

particular circumstances of a case." *U.S. v. Santiago*, 987 F. Supp. 2d 465, 489 (S.D.N.Y. 2013).

But that "nonetheless, [under these inquiries] there is an indisputably high burden on [one] who

argues that delay rises to the level of a due process violation." *Id*. Although the protection of

unreasonable delay under "due process [may] bar[] prosecution whenever a defendant suffers

prejudice," it must be remembered, "that proof of actual prejudice makes a due process claim

concrete and ripe for adjudication, not that it makes the claim automatically valid." *U.S. v.*

*Lovasco*, 431 U.S. 783, 789 (1977). The prejudice must be of the nature that violates the basic

principles of justice which lie at the base of our civil and political institutions, and which define

the community's sense of justice and equity. *Id*. at 790 (internal citations omitted).

Here, the Plaintiff has not alleged how his claim of unreasonable delay prejudiced his right to

a fair trial, or whether the government engaged in some strategic unfair conduct against him.

Under *Lovasco,* to be ripe for adjudication, there must be proof of actual prejudice. It is not

enough to simply state Plaintiff suffered an unreasonable delay. Plaintiff asserts that Defendant

Officers Lyons and Kralik attempted to receive a warrant following the Certificate of Conviction

due to "doubts concerning its authoritative weight." (TAC at ¶ 67.) Following the denial of the

warrant, Plaintiff maintains that Defendant Officers engaged in a prolonged surveillance

operation against him and that this "delay remains undisclosed and inexplicable." (*Id*. at ¶¶ 68-

69.) However, despite the gap between Plaintiff's release and re-arrest, "[t]here is no

constitutional right to be arrested." *Hoffa v. U.S.*, 385 U.S. 293, 310 (1966).  Plaintiff's TAC

provides no factual assertion nor points to evidence of actual prejudice. Instead, Plaintiff offers

the Court only conclusory statements concerning an inexplicable surveillance, which does not

establish actual prejudice. In this district, courts have generally found "actual prejudice" to mean

the "loss of documentary evidence or the unavailability of a key witness." *Santiago*, 987 F. Supp.

2d at 485. In *Santiago*, the defendant was accused of committing a shooting and one of the only

witnesses present at the shooting who could offer testimony that undermined the Government's

theory of the case went missing. *Id*. There, the court held that the loss of this key witness

provided proof of actual prejudice. Similarly, in *United States v. Gross*, the Defendant was

accused of making false statements in connection with a mortgage application. There, it was the

loss of documents that contained substantial evidence about who made those false statements and

when those statements were made that provided proof of actual prejudice. 165 F. Supp. 2d 372

(E.D.N.Y. 2001). No showing has been made to this Court that Plaintiff's alleged surveillance

prejudiced him such that he could not receive a fair trial Accordingly, the Court dismisses with

prejudice Plaintiff's Section 1983 claims for unreasonable delay.[1]

### B. Defendant Officers Lyons, Colon, Kralik, VanCura, and Investigating Officer Budnick Are Responsible for Plaintiff's Procedural Due Process Violations in Their Individual Capacity

Plaintiff alleges Defendants violated his due process rights through his arrest, denial of

hearings before a Court, and failure to provide Defendant counsel throughout his re-

imprisonment. (TAC at ¶¶ 83-95.) In its September 25, 2023 Opinion, this Court previously

dismissed this claim without prejudice because Plaintiff failed to plead personal involvement of

Defendants. (ECF No. 88.) Accordingly, this Court now dismisses the Plaintiff's claim with

prejudice.

The Due Process Clause provides freedom of bodily restraint and confinement as a

guaranteed protection under the Constitution. *The Bd. of Regents v. Roth*, 408 U.S. 564, 572

(1972). As such, "[f]reedom from bodily restraint has always been at the core of the liberty

protected by the Due Process Clause from arbitrary government action." *Hamdi v. Rumsfeld*, 542

---

[1] The Court refrains from ruling on the County Defendants' qualified immunity argument. Given Plaintiff's insufficient pleadings, the Court is unable to resolve the defense at this early stage in the proceedings. See *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 110 (2d Cir. 2020).

U.S. 507, 529 (2004). In order to bring a due process claim, "a plaintiff must plead that each Government-official defendant, through the defendant's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Under Section 1983, it is not enough to name the Defendant Officers, the Plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official[s]." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). Further, a plaintiff cannot "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Eisenberg v. Cnty. of Westchester*, No. 21-CV-4507 (VB), 2022 WL 768311, at *2 (S.D.N.Y. Mar. 14, 2022) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order)).

Plaintiff's TAC alleges Defendant Officers violated his due process rights. However, Plaintiff fails to allege each of their particular involvement in his constitutional deprivation. The TAC asserts "[t]he individually named County Defendant Officers (Lyons, Kralik, Colon, VanCura and Budnick) collectively caused the blatant disregard for Plaintiff's procedural due process rights." (TAC at ¶ 84.) The Plaintiff further states the officers initiated criminal proceedings against Plaintiff without probable cause, acted with malice in effecting the arrest, and left the Plaintiff without any procedural due process following his arrest. (TAC at ¶ 85.) First, it has been ruled that the County Defendants had probable cause to arrest the Plaintiff. (ECF No. 88 at 18). Second, on the issue of [for] malice in effectuating the arrest, the Court previously ruled that Defendants had probable cause to arrest Plaintiff. *Id*. Finally, the Plaintiff does not provide any factual basis in the TAC that details how these Officers were *directly involved* in his alleged deprivations to see a sentencing court upon his arrest, to be presented before the court following his transfer from Rockland County Jail, or his lack of legal counsel. "Without more, such vague, conclusory allegations do not satisfy the personal involvement

14

standard." *Collins v. City U. of New York*, No. 21 CIV. 9544 (NRB), 2023 WL 1818547, at *6 (S.D.N.Y. Feb. 8, 2023). Such complaints that "essentially regurgitate[] the personal involvement standard, without offering any facts indicating that, or how, an individual in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal. *Id*. (quoting *Davis v. County of Nassau*, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005)).

In conclusory fashion, Plaintiff alleges the County Defendants individually and collectively caused "blatant disregard for the Plaintiff's procedural due process rights" and the duty to present the Plaintiff before the court post-arrest "rested unequivocally" on their shoulders. (TAC at ¶¶ 84, 89.) Plaintiff fails to provide any factual reasoning as to why or how Defendant officers were responsible for his continued deprivation. (*Id*. at 3, 13.) For these reasons, the Court dismisses the Plaintiff's claims with prejudice.

**CONCLUSION**

For the above-mentioned reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's claims of unreasonable search and seizure and unreasonable delay against Defendant Officers Lyons and Kralik and procedural due process violations against Defendant Officers Lyons, Kralik, Colon, VanCura, and Budnick are dismissed with prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 108. Defendants are directed to file an answer to the two remaining causes of action in the Third Amended Complaint by March 26, 2025, and the parties are directed to confer and file a Case Management Plan and Scheduling Order (blank form attached) by April 9, 2025.

SO ORDERED.

Dated:   March 5, 2025
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT                    Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x


                                        **CIVIL CASE DISCOVERY PLAN**

                        Plaintiff(s),          **AND SCHEDULING ORDER**

        - against -



                        Defendant(s).    _____ CV _____ (NSR)



------------------------------------------------------------x


 This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel,
pursuant to Fed. R. Civ. P. 16 and 26(f):


1.      All parties [consent] [do not consent] to conducting all further proceedings before a
        Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The
        parties are free to withhold consent without adverse substantive consequences.  (If all
        parties consent, the remaining paragraphs of this form need not be completed.)


2.      This case [is] [is not] to be tried to a jury.


3.      Joinder of additional parties must be accomplished by _____.


4.      Amended pleadings may be filed until _____.


5.      Interrogatories shall be served no later than _____, and responses
        thereto shall be served within thirty (30) days thereafter.  The provisions of Local Civil
        Rule 33.3 [shall] [shall not] apply to this case.

6.    First request for production of documents, if any, shall be served no later than
      _____.

7.    Non-expert depositions shall be completed by _____.

      a.    Unless counsel agree otherwise or the Court so orders, depositions shall not be
            held until all parties have responded to any first requests for production of
            documents.

      b.    Depositions shall proceed concurrently.

      c.    Whenever possible, unless counsel agree otherwise or the Court so orders, non-
            party depositions shall follow party depositions.

8.    Any further interrogatories, including expert interrogatories, shall be served no later than
      _____.

9.    Requests to Admit, if any, shall be served no later than _____.

10.   Expert reports shall be served no later than _____.

11.   Rebuttal expert reports shall be served no later than _____.

12.   Expert depositions shall be completed by _____.

13.   Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.   **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.   Any motions shall be filed in accordance with the Court's Individual Practices.

16.   This Civil Case Discovery Plan and Scheduling Order may not be changed without leave
      of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.   The Magistrate Judge assigned to this case is the Hon. _____.

18.     If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.     The next case management conference is scheduled for _____, at _____.  (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:  White Plains, New York

_____

_____

Nelson S. Román, U.S. District Judge